**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLARISA FIGUEROA | : | |
|    Plaintiff | : | Civil Action No.: |
| | : | |
| v. | : | |
| | : | |
| NEW DIMENSION HEALTH CARE, INC. | : | |
| DEFENDANT | : | MAY 11, 2022 |

## NOTICE OF REMOVAL

To the United States District Court for the District of Connecticut:

PLEASE TAKE NOTICE that Defendant, New Dimension Health Care, Inc., respectfully removes this action from the Superior Court of the State of Connecticut Judicial District of New Britain at New Britain to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1367(a), 1441(a) and 1446(a), and as grounds therefore states as follows:

1. Plaintiff has commenced an action against the Defendant in the Superior Court of the State of Connecticut Judicial District of New Britain at New Britain, by service of a Summons and complaint dated April 29, 2022. The Plaintiff served by State Marshal a copy of the Summons and complaint upon the Defendant's agent, Attorney Johanna Zelman, on or about May 3, 2022. The case was assigned Case No.: HHB-CV22-22-6072313-S in the records and files of that Court ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), the Defendant hereby attaches the Summons and Complaint hereto as Exhibit A.

2. The State Court Action is returnable to the Superior Court of the State of Connecticut Judicial District of New Britain at New Britain on June 7, 2022.

3. The State Court Action is of a wholly civil nature alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Therefore, the United

States District Court for the District of Connecticut has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The United States District Court for the District of Connecticut has supplemental jurisdiction over Plaintiff's state law claims brought pursuant to the Connecticut Fair Employment Practice Act, Conn. Gen. Stat. § 46a-60(b)(1) and (4) pursuant to 28 U.S.C. § 1367(a). This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4. Attached hereto in compliance with 28 U.S.C. § 1446(a), are complete and accurate copies of the process and pleadings received by the Defendant to date.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of the date of service of process on Defendant.

6. Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of Connecticut Judicial District of New London at New London, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of the State of Connecticut Judicial District of New London at New London to the United States District Court for the District of Connecticut.

Respectfully submitted,

Attorneys for Defendant
New Dimension Health Care, Inc.


  /s/ Johanna G. Zelman
Johanna G. Zelman (ct26966)
FordHarrison, LLP
CityPlace II
185 Asylum Street, Suite 610
Hartford, CT 06103
Tel #:   860-740-1355
Fax #:  860-578-2075
Email:  jzelman@fordharrison.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been sent to all counsel of record via the United States Postal Service, First Class Mail, postage prepaid or email, this 11th day of May, 2022 to:

John E. Sheer, Esq.
Law Office of Cicciello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360

                                                /s/ Johanna G. Zelman
                                                Johanna G. Zelman

WSACTIVELLP:13102122.1

# EXHIBIT A

# SUMMONS - CIVIL
JD-CV-1 Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 20 Franklin Square, New Britain 06051 | (860) 515-5180 | 06/07/2022 |

| ☒ Judicial District  G.A. ☐ Housing Session  Number: ___ | At (City/Town) New Britain | | Case type code (See list on page 2) Major: T   Minor: 90 |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Law Offices of Cicchiello & Cicchiello, LLC | 419515 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (860) 886-9300 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    ☐ Yes  ☒ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Figueroa, Clarisa<br>Address: 449 Stabley Street, 1st Floor, New Britain, CT 06051 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: New Dimension Health Care, Inc.    AFS: Johanna Zelman, Esq.<br>Address: 7 Watson Drive, West Simsbury, CT 06092    CityPlace II, 185 Asylum Street, Ste. 610, Hartford, CT 06103 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court<br>☐ _____ Clerk | Name of person signing<br>John E. Sheer, Esq. |
|---|---|---|---|
| 04/29/2022 | | | |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

Do *not* use this summons for the following actions:

(a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
(c) Applications for change of name
(d) Probate appeals
(e) Administrative appeals
(f) Proceedings pertaining to arbitration
(g) Summary Process (Eviction) actions
(h) Entry and Detainer proceedings
(i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
|  | C 10 | Construction - State and Local |  | P 10 | Partition |
|  | C 20 | Insurance Policy |  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | C 30 | Specific Performance |  | P 30 | Asset Forfeiture |
|  | C 40 | Collections |  | P 90 | All other |
|  | C 50 | Uninsured/Underinsured Motorist Coverage |  |  |  |
|  | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |  |  |  |
|  | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  |  |  |  | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | E 10 | Redevelopment Condemnation |  | T 12 | Defective Premises - Public - Other |
|  | E 20 | Other State or Municipal Agencies |  | T 20 | Products Liability - Other than Vehicular |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 28 | Malpractice - Medical |
|  | E 90 | All other |  | T 29 | Malpractice - Legal |
|  |  |  |  | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit |  | T 40 | Assault and Battery |
|  | H 12 | Housing - Rent and/or Damages |  | T 50 | Defamation |
|  | H 40 | Housing - Housing - Audita Querela/Injunction |  | T 61 | Animals - Dog |
|  | H 50 | Housing - Administrative Appeal |  | T 69 | Animals - Other |
|  | H 60 | Housing - Municipal Enforcement |  | T 70 | False Arrest |
|  | H 90 | Housing - All Other |  | T 71 | Fire Damage |
|  |  |  |  | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 10 | Receivership |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 15 | Receivership for Abandoned/Blighted Property |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 20 | Mandamus |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |  | V 09 | Motor Vehicle* - All other |
|  | M 40 | Arbitration |  | V 10 | Boats |
|  | M 50 | Declaratory Judgment |  | V 20 | Airplanes |
|  | M 63 | Bar Discipline |  | V 30 | Railroads |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 40 | Snowmobiles |
|  |  |  |  | V 90 | All other |
|  | M 68 | Bar Discipline - Inactive Status |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  |  |  |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  |  |  |
|  | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | M 84 | Foreign Protective Order |  | W 90 | All other |
|  | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |  |  |  |
|  | M 90 | All other |  |  |  |

| | |
|---|---|
| RETURN DATE: Tuesday, JUNE 7, 2022 : | SUPERIOR COURT |
| : | |
| CLARISA FIGUEROA : | J. D. OF NEW BRITAIN |
| : | |
| VS. : | AT NEW BRITAIN |
| : | |
| NEW DIMENSION HEALTH CARE, INC. : | |
| D/B/A AFC URGENT CARE : | APRIL 29, 2022 |

## COMPLAINT

**COUNT ONE:**   **Violation of Connecticut General Statutes § 46a-60(b)(1)**

1. At all times mentioned herein, the **plaintiff, Clarisa Figueroa**, was and is a resident of the City of New Britain, County of New Britain, and State of Connecticut. The plaintiff is a Hispanic female. At all times mentioned herein, the plaintiff was the only Hispanic female medical assistant employed at the defendant's urgent care facility located at 135 East Main Street in New Britain, Connecticut.

2. At all times mentioned herein, the **defendant, New Dimension Health Care, Inc. d/b/a AFC Urgent Care.,** was and is a corporation licensed to conduct business in the State of Connecticut and provides urgent medical care services. In particular, the defendant owned and operated an urgent care facility located at 135 East Main Street in New Britain, Connecticut. At all times mentioned herein, there were at least twenty (20) employees employed by the defendant.

3. On or about November 12, 2020, plaintiff was hired by the defendant as a medical assistant to work at the defendant's urgent care facility located at 135 East Main Street in New Britain, Connecticut.

4. The plaintiff worked for the defendant during the COVID-19 pandemic. The defendant furnished its employees with protocols concerning patients who were positive for COVID-19. While working for the defendant, the plaintiff noticed that the medical providers were not adhering to the defendant's protocols in a uniform manner, thereby compromising the safety of the patients and employees at the defendant's facility.

5. On or about November 25, 2020, the plaintiff spoke with Donna Lovallo, Director of Operations, a Caucasian female, about the plaintiff's concerns about defendant's practices treating patients, who were positive for COVID-19, but came to the clinic without quarantining. Donna Lovallo scolded and belittled the plaintiff for raising these concerns.

6. After November 25, 2020, two doctors and a medical assistant, who worked directly with the plaintiff, tested positive for COVID-19. The facility was not closed down for a quarantine period, and the plaintiff was directly exposed to these three positive employees.

7. The plaintiff then reported the defendant to the Connecticut Department of Public Health for the defendant's uneven and unsafe practices regarding COVID-19. The Department of Public Health informed the plaintiff that there would be an investigation.

8. Subsequently, Donna Lovallo sent the plaintiff a text message stating the plaintiff's drawer was "over $150.00." Thereafter, Donna Lovallo confronted the plaintiff, and accused the plaintiff of stealing money. Donna Lovallo informed the plaintiff that there would be an investigation regarding the plaintiff's drawer because it was short money.

9. On or about December 1, 2020, Donna Lovallo informed the plaintiff that the plaintiff was terminated for the stated reason of "poor quality work." Prior to December 1, 2020, the plaintiff did not receive any warnings about poor work performance.

10. The stated reason for the plaintiff's termination is false and pretextual. The plaintiff was discriminated against in the terms and conditions of employment and unlawfully discharged for reasons associated with her race and color in violation of Connecticut General Statutes § 46a-60(b)(1),

11. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work sharing agreement, for her state and federal complaints and plaintiff has exhausted her administrative remedies having received a Release of Jurisdiction from the CHRO on February 16, 2022.

12. As a proximate result of defendant's unlawful actions, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

13. As a further result of defendant's unlawful actions, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

14. As a further result of defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT TWO:**     **Violation of Title VII**

1. At all times mentioned herein, the **plaintiff, Clarisa Figueroa**, was and is a resident of the City of New Britain, County of New Britain, and State of Connecticut. The plaintiff is a Hispanic female. At all times mentioned herein, the plaintiff was the only Hispanic female medical assistant employed at the defendant's urgent care facility located at 135 East Main Street

in New Britain, Connecticut.

2. At all times mentioned herein, the **defendant, New Dimension Health Care, Inc. d/b/a AFC Urgent Care.,** was and is a corporation licensed to conduct business in the State of Connecticut and provides urgent medical care services. In particular, the defendant owned and operated an urgent care facility located at 135 East Main Street in New Britain, Connecticut. At all times mentioned herein, there were at least twenty (20) employees employed by the defendant.

3. On or about November 12, 2020, plaintiff was hired by the defendant as a medical assistant to work at the defendant's urgent care facility located at 135 East Main Street in New Britain, Connecticut.

4. The plaintiff worked for the defendant during the COVID-19 pandemic. The defendant furnished its employees with protocols concerning patients who were positive for COVID-19. While working for the defendant, the plaintiff noticed that the medical providers were not adhering to the defendant's protocols in a uniform manner, thereby compromising the safety of the patients and employees at the defendant's facility.

5. On or about November 25, 2020, the plaintiff spoke with Donna Lovallo, Director of Operations, a Caucasian female, about the plaintiff's concerns about defendant's practices treating patients, who were positive for COVID-19, but came to the clinic without quarantining. Donna Lovallo scolded and belittled the plaintiff for raising these concerns.

6. After November 25, 2020, two doctors and a medical assistant, who worked directly with the plaintiff, tested positive for COVID-19. The facility was not closed down for a quarantine period, and the plaintiff was directly exposed to these three positive employees.

7. The plaintiff then reported the defendant to the Connecticut Department of Public Health for the defendant's uneven and unsafe practices regarding COVID-19. The Department of Public Health informed the plaintiff that there would be an investigation.

8. Subsequently, Donna Lovallo sent the plaintiff a text message stating the plaintiff's drawer was "over $150.00." Thereafter, Donna Lovallo confronted the plaintiff, and accused the plaintiff of stealing money. Donna Lovallo informed the plaintiff that there would be an investigation regarding the plaintiff's drawer because it was short money.

9. On or about December 1, 2020, Donna Lovallo informed the plaintiff that the plaintiff was terminated for the stated reason of "poor quality work." Prior to December 1, 2020, the plaintiff did not receive any warnings about poor work performance.

10. The stated reason for the plaintiff's termination is false and pretextual. The plaintiff was discriminated against in the terms and conditions of employment, retaliated against, and unlawfully discharged for reasons associated with her race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991.

11. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work sharing agreement, for her state and federal complaints and plaintiff has exhausted her administrative remedies having received a Release of Jurisdiction from the CHRO on February 16, 2022.

12. As a proximate result of defendant's unlawful actions, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

13.   As a further result of defendant's unlawful actions, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

14.   As a further result of defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT THREE:**   **Violation of Connecticut General Statutes § 46a-60(b)(4)**

1.   At all times mentioned herein, the **plaintiff, Clarisa Figueroa,** was and is a resident of the City of New Britain, County of New Britain, and State of Connecticut. The plaintiff is a Hispanic female. At all times mentioned herein, the plaintiff was the only Hispanic female medical assistant employed at the defendant's urgent care facility located at 135 East Main Street in New Britain, Connecticut.

2.   At all times mentioned herein, the **defendant, New Dimension Health Care, Inc. d/b/a AFC Urgent Care.,** was and is a corporation licensed to conduct business in the State of Connecticut and provides urgent medical care services. In particular, the defendant owned and operated an urgent care facility located at 135 East Main Street in New Britain, Connecticut. At all times mentioned herein, there were at least twenty (20) employees employed by the defendant.

3.   On or about November 12, 2020, plaintiff was hired by the defendant as a medical assistant to work at the defendant's urgent care facility located at 135 East Main Street in New Britain, Connecticut.

4.  The plaintiff worked for the defendant during the COVID-19 pandemic. The defendant furnished its employees with protocols concerning patients who were positive for COVID-19. While working for the defendant, the plaintiff noticed that the medical providers were not adhering to the defendant's protocols in a uniform manner, thereby compromising the safety of the patients and employees at the defendant's facility.

5.  On or about November 25, 2020, the plaintiff spoke with Donna Lovallo, Director of Operations, a Caucasian female, about the plaintiff's concerns about defendant's practices treating patients, who were positive for COVID-19, but came to the clinic without quarantining. Donna Lovallo scolded and belittled the plaintiff for raising these concerns.

6.  After November 25, 2020, two doctors and a medical assistant, who worked directly with the plaintiff, tested positive for COVID-19. The facility was not closed down for a quarantine period, and the plaintiff was directly exposed to these three positive employees.

7.  The plaintiff then reported the defendant to the Connecticut Department of Public Health for the defendant's uneven and unsafe practices regarding COVID-19. The Department of Public Health informed the plaintiff that there would be an investigation.

8.  Subsequently, Donna Lovallo sent the plaintiff a text message stating the plaintiff's drawer was "over $150.00." Thereafter, Donna Lovallo confronted the plaintiff, and accused the plaintiff of stealing money. Donna Lovallo informed the plaintiff that there would be an investigation regarding the plaintiff's drawer because it was short money.

9.  On or about December 1, 2020, Donna Lovallo informed the plaintiff that the plaintiff was terminated for the stated reason of "poor quality work." Prior to December 1, 2020, the

plaintiff did not receive any warnings about poor work performance.

10. The stated reason for the plaintiff's termination is false and pretextual. The plaintiff was retaliated against for opposing the defendant's discriminatory practices in violation of Connecticut General Statutes §§ 46a-60(a)(4).

11. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work sharing agreement, for her state and federal complaints and plaintiff has exhausted her administrative remedies having received a Release of Jurisdiction from the CHRO on February 16, 2022.

12. As a proximate result of defendant's unlawful actions, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

13. As a further result of defendant's unlawful actions, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

14. As a further result of defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**WHEREFORE**, the plaintiff claims:

1. Just, fair and reasonable damages;

2. Reasonable costs;

3. Attorney's fees;

4. Such other remedies as available under law and/or equity and as the Court deems appropriate;

5. A trial by jury.

THE PLAINTIFF, CLARISA FIGUEROA

BY ___/s/ John E. Sheer___
    John E. Sheer, Esq.
    Lorenzo J. Cicchiello, Esq.
    Law Offices of Cicchiello & Cicchiello, LLC
    582 West Main Street
    Norwich, CT 06360
    860.886.9300  phone
    860.886.5963  fax
    Firm Juris No. 419515



A TRUE COPY ATTEST: SCOTT M KRAIMER CONNECTICUT STATE MARSHAL HARTFORD COUNTY

| | | |
|---|---|---|
| RETURN DATE: Tuesday, JUNE 7, 2022 | : | SUPERIOR COURT |
| CLARISA FIGUEROA | : | J. D. OF NEW BRITAIN |
| VS. | : | AT NEW BRITAIN |
| NEW DIMENSION HEALTH CARE, INC. D/B/A AFC URGENT CARE | : | APRIL 29, 2022 |

## STATEMENT OF AMOUNT OF DEMAND

The amount of demand for the above matter is greater than FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs and interest.

THE PLAINTIFF, CLARISA FIGUEROA

BY   /s/ John E. Sheer
John E. Sheer, Esq.
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300  phone
860.886.5963  fax
Firm Juris No. 419515

